## Case No. 675.

### AVERY v. JOHANN.

[3 N. B. R. (1869,) 144, (Quarto, 36;) 4 N. B. R. 143. (Quarto;) 2 Amer. Law T. Rep. Bankr. 92; 1 Chi. Leg. News, 261.]

District Court, D. Wisconsin.

BANKRUPTCY—WHAT CONSTITUTES — FRAUDULENT CONVEYANCES.

[The fact that a debtor, after judgment against him in a state court, fraudulently con-

veyed all his real property, of a value greater than the debt, to his sons, is not a sufficient cause of bankruptcy as to the judgment creditor, whose remedy is to have the conveyance set aside in a court of equity.]

[Distinguished in Re Stansell, Case No. 13,-293. Disapproved · in Re Sheehan, Id. 12,-737. Cited in Re Wells, .Id. 17,388.]

[In bankruptcy. Petition by Avery against Nicholas Johann, based on a judgment in a state court and a fraudulent conveyance to avoid its execution. Dismissed without prejudice to proceedings on the judgment.]

MILLER, District Judge. On the 15th day of September, 1856, Nicholas Johann made his note to the Milwaukee and Lake Superior Railroad Company, payable on the 1st day of July, 1866, with his mortgage on a tract of land as security. The petitioner having become the assignee of the note and mortgage, on the 26th day of September, 1866, instituted proceedings in a court of this state to foreclose the mortgage. In the month of December following, a judgment for the sale of the mortgaged premises was rendered, with an order for execution for the residue of the debt against other property of the debtor. The mortgaged premises being encumbered with taxes and tax titles, the proceeds of sale were inconsiderable, when the amount of the residue of the debt was certified and transferred to the judgment record, pursuant to a law of the state. The petition in bankruptcy is founded on this judgment. It represents as the cause of bankruptcy, that on the 15th day of October, 1868, Nicholas Johann, the debtor, fraudulently conveyed to his two sons all his estate, lands, and tenements, describing them, with intent to hinder and delay this petitioner in the collection of his said debt. The conveyances were exhibited at the hearing. The debtor claims no property except such as is embraced within the exemption laws of the state. No other debt was alleged or proven. The real estate conveyed to his two sons is of greater value than the amount of his debt. Johann is a farmer, and not engaged in trade.

There is no doubt but a conveyance by a father to his sons, in consideration of his support, is fraudulent as to his creditors, and would be a cause of bankruptcy at the instance of creditors other than this petitioner. The objects of the bankruptcy act are discharge of a debtor from his debts, and an equal distribution of his estate amongst his creditors, in proportion to the amount of their respective debts. This case is not within the scope or intent of the act. There are no creditors to claim distribution of assets. Nor does any creditor allege as cause of bankruptcy those conveyances, but the petitioner, who can enforce the collection of his debt by proceedings in equity in the court where his judgment remains of record. A single creditor, whose debt is secured by a lien on lands of greater value than the amount of his debt, cannot be permitted to abandon all remedies open to him for the collection of his debt, and claim the jurisdiction of this court in bankruptcy for the purpose.

A judgment creditor cannot claim the jurisdiction of the court in bankruptcy for the collection of his debt, fully secured by the only lien on real estate.

It cannot be adjudged that Johann made the conveyance to his sons in contemplation of bankruptcy or insolvency. Nor can I find him to be in a state of insolvency, while it appears there is property sufficient for the full payment of his only debt, upon the removal of a clou.. on the title.

The deeds having been given by the debtor during the pendency of the suit of this petitioner against him should be declared fraudulent, if no legal or equitable consideration therefor be shown in the proper tribunal. Such a decree cannot be claimed upon this petition in bankruptcy. If a question of this character should arise at the instance of an assignee in bankruptcy, I would require him to bring his bill in equity. Shawhan v. Wherritt, 7 How. [48 U. S.] 629. For these reasons, I order the petition dismissed, but without prejudice to proceedings on the judgment.